<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GENEROATH CO., LTD. and BESTBLUE INC., | Civil Action No. 24-4520 |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| JAY MADAN, an individual, BIOTOS THERAPEUTICS, INC., a Delaware corporation, JOHN DOES (1-20) and ABC CORPORATIONS (1-10), | October 11, 2024 |
| Defendants. | |

**SEMPER**, District Judge.

Before the Court is *pro se* Defendant Jay Madan's ("Defendant" or "Madan") motion to dismiss Plaintiffs Generoath Co. Ltd. ("Generoath") and Bestblue Inc.'s ("Bestblue" and together with Generoath, "Plaintiffs") Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF 6, "Def. Br.") Plaintiffs filed a brief in opposition. (ECF 7, "Opp.") Defendant did not file a reply. The Court reviewed the Plaintiffs' Complaint (ECF 1, "Compl.") and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.    FACTUAL BACKGROUND

Plaintiff Generoath is a biopharmaceutical company focused on the development of gene therapies for neurodegenerative diseases. (Compl. ¶ 12.) Plaintiff Bestblue is a company engaged in investing within the biopharmaceutical sector. (*Id.* ¶ 13.) Bestblue invests in companies like Generoath that advance gene therapies for neurodegenerative conditions. (*Id.*)

Generoath is a foreign corporation organized under the laws of South Korea, with its principal place of business at 17 Techno 4-ro, Suite#B507, Yuseong-gu, Daejeon, 34013 in Seoul, South Korea. (*Id.* ¶ 1.) Plaintiff Bestblue is an Oregon corporation organized under the laws of Oregon, with its address at 500 NE Multnomah Street, Portland, Oregon 97232. (*Id.* ¶ 2.) In 2021, Generoath sought to expand its business operations by attracting investors to the United States. (*Id.* ¶ 14.) In October 2021, Generoath expressed its intention to identify a U.S. business partner and appointed its agent, Young Moon, who is based in New Jersey, to oversee this task. (*Id.* ¶ 15.) Young Moon contacted Defendant Madan and proposed the establishment of a U.S. subsidiary to facilitate investment, research, and development, highlighting the necessity for a partner experienced in such ventures. (*Id.* ¶ 16.) Defendant Madan resides at 1008 Amdiron Lane, Raleigh, North Carolina 27614 (*Id.* ¶ 3.) Defendant Biotos Therapeutics, Inc. ("Biotos") is a corporation incorporated in the State of Delaware with an address at 8601 Six Forks Road, Suite 400, Raleigh, North Carolina 27615. (*Id.* ¶ 4.)

On November 15, 2021, Young Moon and Madan met at the Marriot Hotel in Newark, New Jersey to discuss Generoath's new venture. (*Id.* ¶ 17.) Madan represented that he has "BD experience in global Big Pharma" and experience in listing and exiting biotech ventures. (*Id.* ¶ 18.) He further represented that he founded a biotech company called Innovate Biopharma, which he took public through a reverse merger. (*Id.*) He also mentioned and proposed that initial investments could be raised through shareholders of Ask Bio, a gene therapy company based in North Carolina that was acquired by Bayer. (*Id.*)

On May 25, 2022, representatives from Generoath met with Jay Madan in Boston, Massachusetts, where Professor Choi Jin-woo discussed Generoath's research and development status and its pipeline. (*Id.* ¶ 20.) Based on these discussions, the parties decided to establish

Generoath's U.S. subsidiary by July 2022. (*Id.* ¶ 21.) Generoath offered Madan 10% equity in Generoath's U.S. subsidiary for his active role in the new venture. (*Id.* ¶ 22.) Madan requested a loan of $500,000.00 ($300,000 from Generoath and $200,000 from SM Sino Technology Investment, which was later adjusted to $300,000 in total), and the parties discussed the contents of a licensing agreement from Generoath to the newly formed U.S. subsidiary and the composition of a board of directors. (*Id.* ¶ 23.)

On July 15, 2022, Generoath and Madan executed a consultant agreement that required Generoath to pay Madan $15,000 monthly in exchange for his assistance in creating Biotos as Generoath's U.S. subsidiary. (*Id.* ¶¶ 24-25.) From July 2022 until April 2023, Generoath wired $15,000 monthly to Madan, totaling $150,000. (*Id.* ¶¶ 26, 43.)

On August 4, 2022, Madan established Biotos as Generoath's U.S. subsidiary. (*Id.* ¶ 27.) However, Madan neglected to complete additional corporate documentation establishing that Biotos would be owned by certain shareholders, including Generoath and Bestblue. (*Id.* ¶ 28.) Madan failed to issue stock certificates and other foundational documents. (*Id.* ¶ 29.)

During a networking event in January 2023, Madan introduced Generoath to potential investors and law firms, claiming successful investment commitments for Biotos. (*Id.* ¶ 30.) Subsequently, plans were made to finalize Biotos' shareholder structure and the licensing agreement with Generoath, focusing on attracting U.S. investors. (*Id.* ¶ 31.) On January 18, 2023, at Madan's behest, Generoath provided Biotos with a $249,000 loan under a formal loan agreement. (*Id.* ¶ 32.) In February 2023, at Madan's behest, Bestblue wired Biotos a $51,000 loan under an agreement via email. (*Id.* ¶ 33.) In February 2023, Generoath's representative met with Madan in New York City to discuss progress in investor recruitment. (*Id.* ¶ 34.) Doubting Madan's contributions, Generoath suspended his consultancy payments pending a satisfactory report of his

activities. (*Id.* ¶ 35.) By April 2023, Generoath demanded a detailed activity report from Madan, ceasing payments due to insufficient documentation. (*Id.* ¶ 36.) Madan's failure to provide the requested activity list strained the professional relationship, leading to a suspension of his consultancy fees. (*Id.* ¶ 37.) In July 2023, Madan proposed repaying the $249,000 loan and suggested modifications to the consultancy agreement. (*Id.* ¶ 38.) By November 2023, Generoath formally demanded repayment of the $249,000 loan, which Madan did not acknowledge. (*Id.* ¶ 39.) In January 2024, Generoath and Bestblue, through their attorney, reiterated the demand for loan repayment, receiving no response from Madan. (*Id.* ¶ 40.)

On April 3, 2024, Plaintiffs initiated this action. (ECF 1.) Their Complaint asserts claims for breach of contract, common law conversion, embezzlement, unjust enrichment, constructive trust, fraud or misrepresentation, corporate dissolution pursuant to N.J. Stat. Ann. § 14A:12-7(1)(c), replevin, fraudulent conveyance, and federal RICO. On May 22, 2024, *pro se* Defendant Madan moved to dismiss for improper venue. (ECF 6.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue. 28 U.S.C. § 1391(b) provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

The "defendant[s] . . . bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982). When deciding a motion to dismiss for improper venue, the Court "accepts the plaintiffs['] well-pled allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiffs['] favor, and . . . resolves any factual conflicts in the plaintiffs['] favor[.]" *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (quoting *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003)) (internal quotation marks omitted). However, "[a] court need not accept the plaintiff's well-pled factual allegations when they are contradicted by the defendant's affidavits." *Shah*, 2011 WL 1527334, at *2 (citation omitted).

## III.    ANALYSIS

If a case falls into at least one of the Section 1391(b) categories, venue is proper. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55 (2013). Defendant Madan argues that because he is a resident of North Carolina, and Defendant Biotos is a resident of either North Carolina or Delaware, venue is most appropriate in North Carolina, not New Jersey. (Def. Br. at 1-2.) Contrary to allegations in the Complaint, Madan asserts that the first in-person meeting he had with a team representing Generoath was in Massachusetts. (*Id.* at 2.) He asserts that "no 'substantial part of the events or omissions giving rise to the claim' occurred in New Jersey." (*Id.*) He did not submit any affidavits in support of his argument.

In their opposition, Plaintiffs assert venue is proper pursuant to 28 U.S.C. § 1391(b)(2), which provides that venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." (Opp. at 3.) Plaintiffs argue that the November 15, 2021 meeting between Young Moon and Madan at the Marriot Hotel in Newark, New Jersey was "critical in forming the basis of the business relationship and agreements that are the subject of

this litigation." (*Id.* at 3.) Plaintiffs further assert that New Jersey resident Young Moon's appointment as Generoath's agent was based on New Jersey's strong pharmaceutical industry infrastructure. (*Id.*) Plaintiffs further assert that Madan's communications and actions directed towards Generoath's New Jersey operations further support New Jersey as a proper venue. (*Id.*) In an affidavit submitted with Plaintiffs' opposition, Young Moon stated, "I have communicated with Jay Madan and Generoath Co. LTD. numerous times about Biotos Therapeutics Inc. in the State of New Jersey[.]" (ECF 7-1, Young Moon Aff. ¶ 9.)

For purposes of determining venue, an individual resides "in the judicial district in which [the] person is domiciled." 28 U.S.C. § 1391(c)(1). Defendant Madan is domiciled in North Carolina, and Defendant Biotos is a corporation incorporated in the State of Delaware with an address at 8601 Six Forks Road, Suite 400, Raleigh, North Carolina 27615. Accordingly, venue is not proper in New Jersey pursuant to Section 1391(b)(1). Furthermore, Section 1391(b)(3) is inapplicable because it appears that Plaintiffs could have asserted this matter in North Carolina, where Defendant Madan is domiciled.

Accordingly, for venue to be proper here, "a substantial part of the events or omissions giving rise to the claim" must have occurred in New Jersey. *See* 28 U.S.C. § 1391(b)(2). To analyze whether venue is proper pursuant to Section 1391(b)(2), courts look to the nature of the dispute and "the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys.,*

*Inc.*, 36 F.3d at 294.[1] Section 1391(b)(2), however, "does not require a majority of the events to take place" in a chosen venue. *Park Inn Int'l, LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 376 (D.N.J. 2000). Consequently, multiple fora may be appropriate venues; "there can be more than one place in which a 'substantial part' of the acts or omissions occurred[,]" and a court is not required to determine "the 'best' forum." *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 438-39 (D.N.J. 2015). Here, Defendant Madan has not met his burden of establishing improper venue. He appears to challenge the veracity of the Complaint by alleging that his first meeting with Generoath representatives was in Massachusetts and not in New Jersey. However, this Court must regard Plaintiffs' factual allegations in the Complaint as true at this point in the litigation. *FerraTex, Inc.*, 121 F. Supp. 3d at 439. In the Complaint, Plaintiffs assert that Madan met with Generoath's agent, Young Moon, in New Jersey. (Compl. ¶ 17.) Plaintiffs allege this meeting was central to developing the contracts between the parties. (Opp. at 4.) In his affidavit, Young Moon stated, "I have communicated with Jay Madan and Generoath Co. LTD. numerous times about Biotos Therapeutics Inc. in the State of New Jersey[.]" (ECF 7-1, Young Moon Aff. ¶ 9.) Considering these facts, the Court cannot conclude that conduct in New Jersey is tangential to Plaintiffs' claims. Accordingly, the Court concludes that Defendant has not sustained his burden of demonstrating that New Jersey is an inappropriate venue under 28 U.S.C. § 1391(b)(2). Defendant's motion to dismiss pursuant to Rule 12(b)(3) is **DENIED**.

## IV.    CONCLUSION

**NOW,** on this 11th day of October 2024, **IT IS HEREBY**

---

[1] For breach of contract claims, courts "may take into account where the contract was negotiated, executed, performed, and breached." *Weichert Real Estate Affiliates, Inc. v. CKM16, Inc.*, No. 17-4824, 2018 WL 652331, at *4 (D.N.J. Jan. 31, 2018) (citation omitted).

**ORDERED** that, for the reasons stated above, Defendant's motion to dismiss (ECF 6) is

**DENIED.**

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties